JUDGE COTE

Keith B. Dalen
Thomas E. Willoughby
HILL RIVKINS LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

10 CIV 8134

RECEIVED
OCT 27 2010
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MARITIMA DE ECOLOGIA, S.A. DE C.V.,

                    Plaintiff,

   - Against -

SEALION SHIPPING LTD.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.

10 CIV. 8134

***VERIFIED COMPLAINT***

Plaintiff, Maritima de Ecologia, S.A. de C.V., by and through its attorneys, Hill Rivkins LLP, complaining of the above-named defendant, alleges upon information and belief as follows:

1.      This court has jurisdiction pursuant to 28 U.S.C. §1333 in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      At and during all times hereinafter mentioned, Plaintiff, Maritima de Ecologia, S.A. de C.V. (hereinafter "MARECSA"), was and now is a corporation organized and existing under the laws of Mexico with offices and place of business at Calle 35 "B" No. 65

entre 66 y Colonia San Agostin del Palmar C.P. 24150 Ciudad del Carmen, Campeche, Mexico.

3.      At and during all times hereinafter mentioned, Defendant, Sealion Shipping Ltd. (hereinafter "SEALION"), was and now is a corporation or other business entity existing by virtue of the laws of the United Kingdom with offices and place of business at Gostrey House, Union Road, Farnham, Surrey GU9 7PT, England, United Kingdom.

4.      At and during all times hereinafter mentioned, Defendant SEALION conducted business with MARECSA both directly and through SEALION's agent, Brokerage & Management Corp., a corporation organized and existing by virtue of the laws of the state of New York with an office and place of business at 90 Broad Street, Suite 2400, New York, New York 10004.

5.      On or about 27 November 2002, MARECSA, SEALION and another company entered into an agreement to supply a well testing service vessel to PEMEX Exploration and Production (hereinafter "PEP"), a Mexican state entity.   Pursuant to this agreement, SEALION provided the vessel, TOISA PISCES.

6.      On or about 27 January 2003, PEP awarded Contract No. 412003801 to charter the vessel TOISA PISCES.   Thereupon, on 28 January 2003, MARECSA and SEALION entered into a Subcontractor Agreement under which MARECSA was to provide personnel and services in connection with the processing plant on board the vessel, and such provision

constitutes the supply of necessaries to the said vessel, a preferred maritime lien, within the meaning of 46 U.S.C. §§ 31301, 31341-42.

7.      On or about 8 March 2008, PEP made Direct Award No. 821803005 which effectively extended the charter of the vessel TOISA PISCES to PEP until 21 March 2010. During the period of the charter, MARECSA continued to service the vessel and provide personnel.

8.      Upon the expiration of the PEP charter, the vessel TOISA PISCES along with her crew and MARECSA personnel, remained on standby awaiting a further contract with PEP which was then being negotiated.

9.      By virtue of the parties' course of dealing, SEALION was aware of the approximate fees for MARECSA's services inclusive of profit margins.

10.     In or about the end of April, 2010 the rig, Deepwater Horizon, suffered a casualty causing a large oil spill into the Gulf of Mexico.  The vessel TOISA PISCES was hired by BP p.l.c. to provide assistance in the oil clean up.  SEALION, needing the services of MARESCA and its personnel, requested that MARESCA provide various experienced and skilled personnel to the vessel.  In fact, the personnel joined the vessel and proceeded to United States waters on or about May 21, 2010.  While in United States territory, MARESCA personnel provided services on board the vessel in furtherance of SEALION's contract with BP p.l.c.  The MARESCA personnel remained on board the vessel, providing services until at

least September 24, 2010.

11.     As a result of the services provided by MARESCA to SEALION - including personnel, benefits, compensations, travel, US visa arrangements, and administration - MARESCA invoiced SEALION for its fees and expenses which, to date, have not been paid.

## AS AND FOR A FIRST AND SEPARATE
## CLAIM FOR BREACH OF CONTRACT

12.     Plaintiff, MARESCA, repeats each and every allegation contained in paragraphs 1 through 11 of this complaint as if fully set forth herein.

13.     Defendant, SEALION, agreed to pay to MARESCA its fees for MARESCA's services and personnel.   In consideration of SEALION's agreement to pay, MARESCA provided to SEALION and the vessel TOISA PISCES various experienced and skilled crew members to operate the processing plant aboard the vessel and provided services in connection with travel, visas, administration, etc.

14.     MARESCA submitted invoices to SEALION for its services in the sum of US$1,152,946.57, inclusive of profit margins that were within the contemplation of the parties.  To date, SEALION has refused to pay said sum despite numerous demands on the part of MARESCA.

15.     By reason of the premises, plaintiff has sustained damages nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of US$1,152,946.57.

## AS AND FOR A SECOND AND SEPARATE
## CLAIM FOR UNJUST ENRICHMENT

16.     Plaintiff, MARESCA, repeats each and every allegation contained in paragraphs 1 through 15 of this complaint as if fully set forth herein.

17.     Defendant SEALION has knowingly benefited from the services and crew members it requested and received from MARESCA, and manifested its understanding that compensation is expected for those services, such that equity and good conscience require SEALION to make restitution.

18.     The crew and personnel services have been provided to defendant SEALION at plaintiff MARECSA's expense, as MARECSA has had to pay for the services from its own funds because SEALION has not paid for them, and by virtue of such payment MARECSA assumed the status of holder of a preferred maritime lien for crew wages within the meaning of 46 U.S.C. § 31301.

19.     By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated no part of which has been paid although duly demanded in the amount of US$1,152,946.57.

## AS AND FOR A THIRD AND SEPARATE
## CLAIM FOR QUANTUM MERIUT

20.     Plaintiff, MARESCA, repeats each and every allegation contained in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21.     Plaintiff, MARESCA, provided services and crew members to the vessel TOISA PISCES at the request of defendant, SEALION, in good faith which defendant accepted knowing that MARESCA expected to be compensated.

22.     The reasonable value of the services and crew members provided to the vessel TOISA PISCES was US$1,152,946.57.

23.     By reason of the premises, plaintiff has sustained damages nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of US$1,152,946.57.

*WHEREFORE,*  Plaintiff prays:

1.     That process in due form of law according to the practice of this Court may issue against the Defendant.

2.     That if the Defendant cannot be found within this District, that all of their property within this District be arrested and/or attached in the sum set forth in this Complaint, with interest and costs.

3.      That a decree may be entered in favor of Plaintiff and against Defendant in the amount of US$1,152,946.57 with interest and costs.

4.      Plaintiff further prays for such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      October 26, 2010

                    HILL RIVKINS LLP
                    Attorneys for Plaintiff

          By:
                    Keith B. Dalen
                    Thomas E. Willoughby
                    45 Broadway, Suite 1500
                    New York, New York 10006
                    (212) 669-0600

30538\Complaint

7

## VERIFICATION

I, Thomas E. Willoughby, hereby affirm as follows:

1.      I am a member of the firm Hill Rivkins LLP, attorneys for Plaintiff MARITIMA DE ECOLOGIA, S.A. DE C.V., in this action.   The information in the foregoing Verified Complaint is true to the best of my knowledge, information and belief, except as to those matters therein stated to be alleged upon information and belief.   As to those matters, I believe them to be true.

2.      The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3.      As Plaintiff is a foreign business entity and none of its officers are located in the Southern District of New York, this verification is made by me as counsel.

I hereby affirm that the foregoing statements are true and correct.

Dated: New York, New York
       October 26, 2010

Thomas E. Willoughby