```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MARITIMA DE ECOLOGIA, S.A. DE C.V.,       :
                                         :     10 Civ. 8134 (DLC)
                    Plaintiff,           :
                                         :     OPINION AND ORDER
          -v-                            :
                                         :
SEALION SHIPPING LTD.,                   :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:

Keith B. Dalen
Brian P. R. Eisenhower
Hill Rivkins LLP
45 Broadway, Suite 1500
New York, NY 10006

For defendant:

Simon Harter
Law Offices of Simon Harter, Esq.
304 Park Avenue South – 11th Floor
New York, NY 10010


DENISE COTE, District Judge:

　　　Plaintiff Maritima de Ecologia ("Marecsa") moves for reconsideration of portions of the April 15, 2011 Opinion and Order granting defendant Sealion Shipping Ltd.'s ("Sealion") motion to stay the above-captioned action pending the London arbitration of claims relating to the parties' prior course of dealing.  See Maritima de Ecologia, S.A. de C.V. v. Sealion

Shipping Ltd., 10 Civ. 8134 (DLC), 2011 WL 1465744 (S.D.N.Y. Apr. 15, 2011) ("April 15 Opinion"). Alternatively, Marecsa requests that while the arbitration is pending, the Court permit limited discovery on the issue of liability. For the following reasons, Marecsa's motion for reconsideration is denied.

BACKGROUND

The Court assumes familiarity with the April 15 Opinion. On October 27, 2010, Marecsa filed this action (the "October 27 Complaint") to recover fees for services it provided from May 21 to September 24, 2010 in connection with the Deepwater Horizon catastrophe in the Gulf of Mexico ("Gulf") without the benefit of a written contract. On December 7, Sealion served Marecsa with an arbitration demand for alleged breaches of written contracts which had structured the parties' relationship in the context of work performed for Pemex Exploration and Production ("PEP") between June 8, 2003 and March 21, 2010 (the "London Arbitration"). On February 11, 2011, Sealion's motion to compel arbitration and stay the instant litigation pending completion of the London Arbitration became fully submitted.

Marecsa's October 27 Complaint alleges that "[b]y virtue of the parties' course of dealing, SEALION was aware of the approximate fees for MARECSA's services [provided in the Gulf]

2

inclusive of profit margins." Finding that the outcome of the London Arbitration is relevant to determining the "approximate fees . . . inclusive of profit margins" to which Marecsa refers, the April 15 Opinion stayed the above-captioned action. Maritima de Ecologia, 2011 WL 1465744, at *5.

On April 29, Marecsa moved for reconsideration of the portion of the April 15 Opinion which stayed this action, or in the alternative, for discovery concerning liability while the London Arbitration is pending (the "April 29 Motion"). The April 29 Motion became fully submitted on May 20.

DISCUSSION

The standard for reconsideration is strict. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the

Court." Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

   Marecsa has not shown that the April 15 Opinion overlooked any of the facts or the legal arguments that were presented to the Court. Marecsa principally makes three arguments in support of the April 29 Motion. First, it contends that the documents setting forth Sealion's case against Marecsa in the London Arbitration, which were submitted in opposition to the motion to stay, demonstrate that the amount of Marecsa's fees under the PEP contracts is not at issue in the London Arbitration. This is, however, a new argument that Marecsa did not set out when it opposed Sealion's motion to stay. In moving for a stay, Sealion quoted the passage regarding fees from the October 27 Complaint that is repeated, supra, and argued that the determination of issues in this litigation will depend upon the resolution of the London Arbitration. While Marecsa argued generally in opposition that Sealion had failed to show a "commonality of issues between Marecsa's claims in New York and Sealion's claims [in the London Arbitration]," this statement, and its surrounding brief discussion of Marecsa's argument, did not

4

grapple directly with Sealion's analysis and could not reasonably be understood to convey Marecsa's current position.

Second, Marecsa contends that a more recent per diem rate for Marecsa's services, which an addendum to one of the parties' agreements contains, makes the London Arbitration less relevant to the determination of a reasonable rate for Marecsa's Deepwater Horizon work.  Marecsa, however, did not even refer to the addendum containing the per diem rate in its opposition to the motion to stay.

Finally, Marecsa requests that any stay be modified to permit discovery on the issue of liability while the London Arbitration is pending.  It argues that such discovery would minimize future delays in this action.  Marecsa did not make this request in opposing Sealion's motion for a stay.  Moreover, to the extent that Marecsa's request for some discovery should be understood as a reassertion of its general argument that it will be prejudiced by delay, this argument must fail as an attempt "to relitigate an issue already decided." Shrader, 70 F.3d at 257.

CONCLUSION

Plaintiff's April 29 Motion for reconsideration of the April 15 Opinion is denied.

SO ORDERED:

Dated:   New York, New York
         July 6, 2011

                                    _____
                                          DENISE COTE
                                    United States District Judge