USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 0 5 2013

# Law Offices of
# SIMON HARTER, Esq.

| | |
|---|---|
| 304 Park Avenue South – 11th Floor | 20 Nassau Street – Suite 10 |
| New York, New York 10010 | Princeton, New Jersey 08542 |
| Tel: (212) 979-0250 | Tel: (609) 688-8330 |
| Fax: (212) 979-0251 | Fax: (609) 688-8331 |
| sharter@harterlaw.com | www.harterlaw.com |

December 4, 2013

Honorable Katherine B. Forrest, U.S.D.J.
United States District Courthouse
Southern District of New York
500 Pearl Street, Room 745
New York, New York 10007

    Re:    *Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.*
            Civil Action No: 10-CIV-8134 (KBF)

Dear Judge Forrest:

        We represent the Defendant, Sealion Shipping Ltd., in this matter and write pursuant to the Court's Order dated September 4, 2013 **[Docket No. 61]** to provide an update on the status of the ongoing London arbitration between the parties.

        Since our last report to Your Honor dated September 3, 2013, which recounted the submission of substantial witness statements (comprising the direct testimony of the witnesses to be called in the arbitration), the parties engaged in a round of requests for disclosure of documents and information in October and November. Sealion has provided further disclosure but is still awaiting disclosure of documents that it has requested from Marecsa.

        On November 13, 2013, London solicitors for our client, Sealion, wrote to the arbitrator to request the setting of hearing dates. Because the barrister who had been instructed by Sealion to conduct the arbitration was no longer available due to maternity leave, Sealion's solicitors indicated that the replacement barrister would appreciate hearings being scheduled no earlier than March, 2014 in order to have time to prepare. Sealion's solicitors therefore proposed that the hearings be held on dates within the period of March 3-21, 2014.

December 4, 2013<br>Page 2

Marecsa's solicitor replied that while he was available in any other month next year, he was not available at any time during the three-week period in March proposed by Sealion's solicitors.

Although Sealion pressed to have the arbitration scheduled during the March period it had proposed, the arbitrator directed each of the parties to submit, separately, a list of the dates on which it was available. After re-organizing other commitments, Sealion's legal team offered dates in February, March and May 2014.

Based upon the available dates submitted by the parties, and in clear response to Sealion's continuous requests for a prompt hearing, the arbitrator directed that the hearings shall be held during the period of May 5-12, notwithstanding that the first date of the period is a national holiday in the United Kingdom. The arbitrator has set aside five days for the hearings, which will be conducted on consecutive weekdays.

In issuing his scheduling order, the arbitrator characterized the dates he selected as those of "common availability", from which it can be surmised that despite having previously claimed it was available any month other than March, the final list of dates submitted by Marecsa must not have included the dates in February included among those submitted by Sealion.

Should the Court wish to see any of the correspondence exchanged between the parties' solicitors and the arbitrator, we would be pleased to make it available.

We thank the Court for its kind attention.

Respectfully submitted,

Simon Harter

cc: Keith B. Dalen, Esq./Brian Eisenhower, Esq.
Hill Rivkins LLP
45 Broadway – Suite 1500
New York, New York 10006-3793