EXHIBIT "A"

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

**BETWEEN:**

SEALION SHIPPING LIMITED

Claimants<br>(Owners)

and

MARITIMA DE ECOLOGIA S.A. de C.V.

Respondents<br>(Charterers)

## "TOISA PISCES" - Agreement dd 3.6.08

## FINAL AWARD AS TO COSTS

**WHEREAS:**

1. By an award herein dated 8 August 2014 I, the undersigned sole arbitrator Bruce Harris, made certain determinations and decision as more particularly set out therein and, in particular for present purposes, awarded and directed that the respondents Marecsa should bear and pay Sealion's costs of this reference (to be assessed by me on the standard basis in a further award if agreement could not be reached, for which purpose I reserved jurisdiction).

2. The parties were unable to agree the quantum of Sealion's costs, and Sealion accordingly applied to me through their solicitors to assess and make an award in respect of the same.

3. The parties' lawyers provided me with written submissions and, in the case of Sealion, documents supporting their disbursements as claimed. Neither party requested an oral hearing for the assessment of the costs. The seat of this arbitration remains London, England.

4. Sealion claimed a total of £398,892.33 in respect of their legal cost and disbursements, together with US$4,260 (put forward in reply submissions on the question of costs) in respect of New York attorneys' fees. Marecsa's lawyers took a number of points by way of challenge to those claims and I deal with each in turn.

5. First they said that the hourly rates applied by the solicitors for Sealion were excessive and that in particular £450 per hour for a partner (as claimed latterly by Sealion's solicitors) could not be justified in a small firm. I appreciate, as Sealion's solicitors pointed out, that since 2010 the guideline rate in the Senior Courts Costs Office for senior City of London practitioners is £409, and that in the case of high value/factually or legally complex/international matters, higher rates may be justified.

6. However, given my recent experience of assessing costs in respect of City firms much larger than Sealion's solicitors, it does seem to me that the rates claimed here are somewhat over the norm and that it is appropriate for me to effect a modest reduction across the board notwithstanding, in particular, Mr Lax's seniority and experience, all of which are beyond question. With respect, I do not think the case was of particular complexity or difficulty, and the sums involved were not, by

present standards in London maritime arbitration, particularly high.

7. Secondly, Marecsa's lawyers said that 4 fee earners being involved in the case was excessive. They also suggested that this meant there must have been some duplication.

8. Throughout most of the case, only 2 fee earners were in fact involved at any one time. I am not persuaded that there was any duplication of effort. However, having looked carefully at the detailed schedule provided by Sealion's solicitors, and doing my best not to be too critical, it does seem to me that on occasions the case-handlers other than Mr Lax claimed for very large numbers of hours in respect of matters such as drafting submissions, drafting statements and dealing with disclosure, and I find it difficult to believe that all that time can reasonably have been expended on these tasks. I accordingly think it right to effect a reduction to reflect this consideration.

9. The third point raised by Marecsa's lawyers was that many items in the schedule referred to proceedings in New York and these could not be recovered in this arbitration. I am, however, satisfied that the items to which they referred, although they involved New York lawyers, related to this case and were properly incurred.

10. Fourthly, it was suggested that all time in relation to Marecsa's Mexican-based witnesses should be discounted, including time taken with those witnesses at the hearing. With respect to Marecsa's lawyers, I did not really understand this point. It was Marecsa who chose to call those witnesses and on the face of it they must be liable for the resulting costs. It is true that there was a modest – and very unusual – disruption at the hearing because of the presence in the room in Mexico (where one

3

witness was to give his evidence by video link) of a number of people (from both sides, as it transpired), but that cannot seriously be said to have incurred any material additional costs. I make no discount in respect of this argument.

11. Lastly, it was said that Sealion's solicitors' arithmetic was inaccurate, but no particulars were given and that does not seem to me to be the case.

12. I would, however, add one point of my own. Both Mr Lax and Mr Pollock-Hill attended the hearing, almost entirely, together with counsel. I do not think that duplicated representation can be justified as being reasonable as between the parties, though it may well have been what Sealion wanted or expected. Accordingly it is appropriate to make a discount from the sum claimed in this respect.

13. The assessment of costs is not an exact science even when (which is not the case here) the assessor hears oral argument and has the opportunity of going through the claimant party's files. Doing the best I can to reflect those areas where in my view reductions should be effected to take account of the points I have made above, and taking account also of the costs of this assessment as claimed, I think that justice will be done by allowing Sealion £326,500 (plus $4,260) and I award accordingly. In addition, Sealion are entitled to the costs of this award.

14. **I THEREFORE AWARD AND ADJUDGE** that the amount payable to Sealion by Marecsa in respect of the former's costs pursuant to paragraph 3 of my award of 8 August 2014 is £326,500 plus US$4,260 (in addition to which Marecsa are to pay interest pursuant to paragraph 4 of that award) **AND** that Marecsa shall also pay also pay the costs of this award which I

4

hereby fix in the sum of £2,960 **PROVIDED** that if Sealion shall first have paid any amount in respect of the costs hereof, they shall be entitled to immediate reimbursement from Marecsa of the sum so paid, together with interest thereon at the rate of 5% (five per cent) per annum, compounded at three-monthly rests, from the date of any payment to me by Sealion in respect of the costs hereof until the date of reimbursement to Sealion by Marecsa.

**GIVEN** under my hand this 14th day of October 2014.

..................................................
Sole Arbitrator

5